IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY TICE,

        Petitioner,

v.                                              CIV 06-0233 JH/LAM

JOE WILLIAMS, et al.,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Respondents' *Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 21)* (hereinafter "Motion to Dismiss"), the *Memorandum in Support of Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 22)* (hereinafter "Memo in Support") and *Answer (Doc. 20)* all filed on July 11, 2006. On July 12, 2006, Respondents filed a *Supplemental Answer and Exhibits (Doc. 23)* advising the Court that Petitioner had been released on parole on June 27, 2006. Petitioner Jerry Tice (hereinafter "Tice") was a state prisoner, appearing in this action *pro se* and *in forma pauperis*, when he filed an *Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)* (hereinafter "Application") on March 27, 2006. On May 19, 2006, Petitioner filed an *Adendum [sic] to Writ (Doc. 13)* and on June 23, 2006, Petitioner filed a document titled "*Designation of Exhibits*" *(Doc. 16)*. The Court has reviewed the *Application*, the parties' submissions, and relevant law. As set forth below, the Court **FINDS** that the *Motion to*

---

[1] Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition with the Clerk of the United States District Court for the District of New Mexico, 333 Lomas Boulevard, N.W., Albuquerque, New Mexico 87102. **A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

*Dismiss* is well-taken and **RECOMMENDS** that the *Motion to Dismiss* be **GRANTED,** and the *Application* be **DENIED without prejudice.**

### Factual and Procedural Background

On May 15, 2002, Petitioner pled guilty but "mentally ill" pursuant to a plea agreement in the Second Judicial District Court (CR 01-0561) on charges of kidnapping, aggravated battery against a household member, false imprisonment and assault with intent to commit a violent felony. *Answer, Doc. 20, Exhibit B at Bates Stamp 7-11.* A "Judgment, Sentence, and Order Partially Suspending Sentence" was entered on August 13, 2002 sentencing Petitioner to an actual term of six years and six months. *Answer, Doc. 20, Exhibit A at Bates Stamp 4.* On November 6, 2002, Petitioner filed a "Motion to Reconsider Sentence" in the Second Judicial District Court arguing that he had "additional mitigating factors to bring to the Court's attention." *Answer, Doc. 20, Exhibit C.* There was no formal ruling on this motion; however, pursuant to Rule 5-801(B) NMRA, it was deemed denied after ninety days as of January 3, 2003. *See Memo in Support, Doc. 22* at 2. On January 4, 2004, an "Amended Judgment, Sentence, and Order Partially Suspending Sentence" was entered to clarify that the sentence in CR 01-0561 was to run concurrently with a prior sentence imposed in CR 97-0164 (in the Fifth Judicial District), *Answer, Doc. 20, Exhibit D at Bates Stamp 18*. On November 9, 2004, Petitioner filed a second "Motion to Reconsider Sentence," *Answer, Doc. 20, Exhibit E,* in the Second Judicial District Court (CR 01-0561), which was denied for lack of jurisdiction on December 7, 2004, *Answer, Doc. 20, Exhibit F.*

In January and February of 2005, Petitioner filed administrative complaints and wrote letters complaining about not receiving lump sum awards of good time credit for educational programs that

he had completed.[2] Following these unsuccessful requests and the denial of his grievance, Petitioner filed a Petition for Writ of Habeas Corpus in the Third Judicial District Court (CV 05-714) on April 29, 2005, alleging retaliation for exercising constitutionally protected rights in connection with the Department of Corrections' failure to grant lump sum awards of good time credit. *Answer, Doc. 20, Exhibit K*. On September 15, 2005, Petitioner filed a Notice of Appeal, indicating he was "appealing [to the New Mexico Supreme Court] the inaction of the District Court on the petition for writ of habeas corpus filed in this court April 29th 2005, and the denial of appointment of counsel." *Answer, Doc. 20, Exhibit N*. Petitioner then apparently attempted to file a petition for writ of certiorari in the Supreme Court of New Mexico (*Designation of Exhibits, Doc. 16, listed as "No. [sic] "c")*[3], which the Supreme Court returned unfiled on September 22, 2005, because Petitioner's habeas corpus petition was still pending in the District Court of Dona Ana County (Third Judicial District Court, CV 05-714) (*Designation of Exhibits, Doc. 16, listed as "No. [sic] at "d"*). On December 23, 2005, Petitioner filed a "Suppliment [sic] to Petition for Writ of Habeas Corpus" in the Third Judicial District Court to clarify the habeas petition (CV 05-714) that he had filed on April 29, 2005. *Answer, Doc. 20, Exhibit O*. On June 6, 2006, Petitioner filed a Notice of Removal and Request for Return of File in his habeas case in the Third Judicial District Court (CV 05-714); the

---

[2]Attached to a state habeas petition filed on April 29, 2005, Petitioner included copies of documents and letters indicating he complained, beginning in January, 2005, about not receiving the lump sum award of good time credits he felt he had earned. *See Answer, Doc. 20, Exhibit K*, *Bates Stamp 63-86*. Some of these documents are also included as exhibits in Petitioner's "**Designation of Exhibits**" *(Doc. 16)*.

[3]In the document titled "**Designation of Exhibits**" *(Doc. 16)*, Petitioner lists exhibits as "No. [*sic*] 'a' through 't' on the index but the exhibits are not correspondingly labeled.

status of this case remains "appealed." *See Tice v. Ulibarri,* State of New Mexico, Third Judicial District Court CV 05-0714.[4]

On March 27, 2006, Petitioner filed an ***Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241*** *(Doc. 1)* in this Court. In his *Application,* Petitioner names Secretary of Corrections Joe Williams and Warden Robert Ulibarri as respondents in this action. *Application, Doc. 1.* In his *Application*, Petitioner asserts three claims: 1) that he is unlawfully confined because his basic sentence has been completed; 2) that the Department of Corrections failed to properly award "good time" credits, thereby prolonging his release date; and 3) that he is subject to discrimination due to his medical disability and that this has resulted in Petitioner being held beyond his release date. *Doc. 1* at 3-7.

Respondents filed a ***Motion to Dismiss Petition for Writ of Habeas Corpus*** *(Doc. 21)*, a ***Memorandum in Support of Motion to Dismiss Petition for Writ of Habeas Corpus*** *(Doc. 22)* and an **Answer** *(Doc. 20)* on July 11, 2006. In these documents, Respondents argue that Petitioner is lawfully confined because the "present confinement is for in-house parole authorized by his sentence," that Petitioner's claims are time barred by the AEDPA one-year statute of limitations, and that the failure to award "good time" claims are without merit and are still pending in state court. *Memo in Support, Doc. 22* at 1.

On July 18, 2006, the Court granted Petitioner's telephonic request that he be allowed to fax file a one-page motion for extension of time to respond to the motion to dismiss and provided

---

[4]The Court is aware that Petitioner has filed other petitions for writs of habeas corpus and petitions for writs of certiorari, but will focus only on the petitions that have relevance to this particular *Application*.

Petitioner with specific information on how to fax file his request for an extension of time.[5]  *See Briefing Scheduling Order and Order to Show Cause, Doc. 25, n. 1.*  Petitioner failed to fax file the motion for extension of time and failed to file a response to the motion to dismiss.  On August 8, 2006, the Court entered a *Briefing Scheduling Order and Order to Show Cause* requiring Petitioner to file and serve a response to the motion to dismiss no later than August 25, 2006.  *Id. at 3.*  The Court also warned Petitioner that if he failed to file and serve a response to the motion to dismiss within the deadline, the Court would consider such failure as consent to grant Respondents' motion to dismiss and to the dismissal of this action with prejudice.[6]  *Id .at 2.*  To date, Petitioner has not filed a response to the motion to dismiss or updated his address with the clerk of the court.

## Discussion

A claim that attacks the duration of a petitioner's confinement or the execution of the sentence is a claim that should be pursued under 28 U.S.C. § 2241.  *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (an attack on the execution of a sentence is properly brought under § 2241); *United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (Objections "concerning good time credit and parole procedure, go to the execution of the sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241.").  A writ of habeas corpus under § 2241 is not available to a prisoner unless he "is in custody under or by color of the authority of the United States" (§ 2241(c)(1)) or "is in custody in violation of the Constitution or laws or treaties of the

---

[5]The Court also informed Petitioner of his obligation, pursuant to D.N.M.LR-Civ 83.6, to inform the clerk of the court, in writing, of any changes in his mailing address or telephone number.  *Briefing Scheduling Order and Order to Show Cause, Doc. 25* at 2.

[6]The Court instructed the clerk to send copies of the *Briefing Scheduling Order and Order to Show Cause* to both Petitioner's address of record and to his new address provided by Respondents in the *Supplemental Answer and Exhibits (Doc. 23)*.  *Doc. 25* at 2-3.

United States" (§ 2241(c)(3)).  The "concept of 'in custody' does not require that the petitioner be physically confined and extends beyond incarceration to parole on an unexpired sentence." *Mavrovich v. Kansas*, 56 Fed. Appx 451, *1 (10th Cir. 2003) (unpublished) (*quoting Harvey v. Shillinger*, 76 F.3d 1528, 1537 (10th Cir. 1996).  "[T]he fact that Appellant is no longer in custody does not automatically moot Appellant's petition because he was in custody at the time of filing." *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002) (*citing Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978 (1998)).

Petitioner's *Application* was properly brought pursuant to § 2241 as he is challenging the duration of his sentence by arguing that he was not given credit for the lump sum awards of good time credit that he had earned, which increased the length of his incarceration.  Petitioner was "in custody" pursuant to § 2241(c)(1) and (3) because he was incarcerated when he filed the *Application* and is now on parole, although he was released from prison on June 27, 2006 (*See Supplemental Answer and Exhibits, Doc. 23* at 1).

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of- -
  . . . .
  (D) the date on which the factual predicate of the claims or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In a recent ruling, the Tenth Circuit held that 28 U.S.C. § 2244(d)(1)'s one-year limitation period applies to § 2241 petitions contesting administrative decisions.  *Dulworth v. Evans*, 442 F.3d 1265,

1268 (10th Cir. 2006) ("because we agree that § 2244(d)(1)'s one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' 28 U.S.C. § 2244(d)(1), we now . . . hold that even if the petition challenges a pertinent administrative decision rather than a state court judgment, the limitation period applies.")  The Tenth Circuit also held that the "date on which the factual predicate of a petitioner's claim could have been discovered through the exercise of due diligence-thus commencing the limitation period-is the date that the denial of his administrative appeal becomes final." *Dulworth*, 442 F.3d at 1268.

As best the Court can determine from documents attached to Petitioner's state habeas petition[7], Petitioner filed an "Inmate Classification Appeal Form" on January 10, 2005 and received a denial (on the same form) on January 12, 2005. *Answer, Doc. 20, Exhibit K at Bates Stamp 69-70.* On January 12, 2005, Petitioner received a memorandum from Brian Johnson, Classification Appeals Officer, explaining the denial and recommending that Petitioner review the policies pertaining to appeals and lump sum awards. *Id. at Bates Stamp 71.*  On January 25, 2005, Petitioner filed an "Inmate Grievance" and received a denial on the same form and on the same day. *Id. at Bates Stamp 73-76.*  Petitioner wrote letters and received responses regarding the award of the good time credits which include a letter to Warden Ulibarri (*id. at Bates Stamp 64*); a response from Don Caviness, Senior Contract Monitor, New Mexico Department of Corrections, explaining why Petitioner was not awarded the lump sum credits (due to Petitioner's involvement in a violent physical attack on another inmate and an inability to determine if the required number of hours was completed by Petitioner) (*id. at Bates Stamp 67-68);* letters to the education departments of the correctional

---

[7]On June 23, 2006, Petitioner filed a document titled "Designation of Exhibits" which includes the same documents attached to his state habeas petition. *Doc. 16.*  The Court refers to the documents in the state habeas petition because they are more easily identified by Bates Stamp number. *See Answer, Doc. 20, Exhibit K.*

facilities *(id. at Bates Stamp 72 and 78)*; a letter to and response from Caryn Apodaca, Administrative Law Judge, Probation and Parole Division, Corrections Dept. *(id. at Bates Stamp 81-84)*. The document with the latest date was a letter from New Mexico Department of Corrections CBC Administrator Colleen McCarney, dated February 11, 2005, explaining why Petitioner was not awarded the requested lump sum awards (no record of a recommendation by the instructor, as is required prior to consideration for good time credits). *Id. at Bates Stamp 85.* However, Petitioner failed to provide the Court with evidence that the denials of his grievances were properly appealed through the Department of Corrections' formal grievance process and whether any such appeals are final; therefore, the Court is unable to calculate the expiration deadline for the statute of limitations pursuant to § 2244(d)(1) and the holding in *Dulworth*.

The record indicates that Petitioner filed a petition for a writ of habeas corpus, appealing the administrative decision regarding the denial of his claims for lump sum good time credits, in state District Court in Dona Ana County on April 29, 2005. *Answer, Doc. 20, Exhibit K*. The statutory limitations period under § 2244(d)(1) is tolled pending a decision of the state petition for a writ of habeas corpus. 28 U.S.C. § 2244 (d)(2). Petitioner filed a Notice of Appeal to the New Mexico Supreme Court on September 15, 2005 due to the state District Court's inaction (*Answer, Doc. 20, Exhibit N*), which was returned to Petitioner unfiled because the District Court case was still pending *(Designation of Exhibits, Doc. 16, Exhibit d, September 22, 2005 letter from New Mexico Supreme Court)*. The state habeas petition was still pending in the District Court *(See Answer, Doc. 20, Exhibit P)[8]* when Petitioner filed his *Application* in this Court on March 27, 2006 and therefore,

---

[8]This document is the state District Court docket sheet which was downloaded as of May 31, 2006, and shows the habeas corpus action as still open and pending.

Petitioner's state court claims were unexhausted and not cognizable in this Court. Petitioner failed to provide evidence that he has exhausted either his administrative or state court remedies, contrary to "the general requirement that a petitioner under § 2241 must exhaust available state remedies. . . . [and] [t]his requirement extends to the exhaustion of *administrative* remedies as well." *Dulworth v. Evans*, 442 F.3d 1265, 1268-69 (10th Cir. 2006) (emphasis in original) (citation omitted).

Petitioner has also failed to demonstrate that he exhausted his administrative remedies through the Department of Corrections' grievance process regarding his allegation that he is subject to discrimination due to his medical disability and offered no factual support for this allegation. Mere conclusory allegations will not support a claim without supporting factual averments. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) ("even pro se litigants must do more than make mere conclusory allegations regarding constitutional claims.").

The court must liberally construe *pro se* litigants' pleadings and hold them to a less stringent standard than required of those prepared by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). While a court must construe *pro se* litigants' pleadings liberally, mere conclusory allegations will not support a claim without supporting factual averments. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995). The court is not obliged to craft legal theories for the *pro se* plaintiff, nor may the court supply factual allegations to support a *pro se* plaintiff's claim for relief. *Hall,* 935 F.2d at 1110.

In the *Adendum [sic] to Writ*, Petitioner admitted that he has a state habeas petition pending and provided the Court with a list of decisions from various jurisdictions wherein courts deemed it

was unnecessary for a petitioner to exhaust state remedies if the state petition was 'dormant.' *Doc. 13.* However, Petitioner made no coherent argument that the proffered caselaw applies to his situation and failed to provide documentation to support such an argument. As noted above, the Court will not act as an advocate for *pro se* Petitioner nor craft legal theories in support of his claim. The Court notes that Petitioner failed to include a certificate of service indicating that he had served the *Adendum [sic] to Writ* on Respondents pursuant to D.N.M. LR-CIV. 5.1 ("[n]otice of filing must be given to all parties"), thereby depriving Respondents of the opportunity to respond.

Finally, the Court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also, e.g., United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005) ("We therefore dismiss the appeal sua sponte as to both Appellants for lack of prosecution as reflected by their failure to respond to our order requiring a timely status report to prevent dismissal. . . . Dismissal of the appeal is a strong sanction to be sure, but it is no trifling matter for Appellants to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.")

Plaintiff was on notice that failure to respond to Respondents' motion to dismiss would be considered as consent to grant Respondents' motion to dismiss and to the dismissal of this action. *Briefing Scheduling Order and Order to Show Cause, Doc. 25* at 2 ("**If Mr. Tice fails to file and serve a response to the motion to dismiss within the requisite time period, the Court shall**

**consider such failure as a consent to grant Respondent's motion to dismiss and to the dismissal of this action . . ."**). Petitioner's failure to file a response to the motion to dismiss and failure to update his address despite a direct court order indicates there is a manifest lack of interest on the part of the Petitioner in prosecuting this matter.

### Recommended Disposition

The Court recommends that Respondents' *Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 21)* be **GRANTED** and that Petitioner's *Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)* be **DENIED without prejudice**[9] because Petitioner failed to file a Court-ordered response to Respondents' motion to dismiss and Petitioner failed to demonstrate exhaustion of his administrative and state court remedies before filing his *Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)* in this Court.

The Court also recommends that the **Clerk of the Court send copies** of these *Proposed Findings and Recommended Disposition* to Petitioner at his address of record and to the address provided by Respondents **(2306 South Sycamore, Roswell, NM  88201).**

*signature*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] The Court recommends denial without prejudice to give Petitioner the opportunity to provide evidence of exhaustion of administrative remedies and to complete exhaustion of state court remedies (it appears that Petitioner's state court habeas petition is still pending in the Third Judicial District Court (CV 05-714)).